# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER YOUNG,** | ) | |
|     Plaintiff, | ) | Civil Action No. 17-125ERIE |
| | ) | |
| v. | ) | District Judge Schwab |
| | ) | |
| **JOSE BOGGIO, et al,** | ) | Magistrate Judge Baxter |
|     Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is hereby recommended that Plaintiff's motion for preliminary injunction [ECF No. 10] be denied.

### II. REPORT

#### A. Procedural History

Plaintiff, acting pro se[1], has filed a motion seeking a preliminary injunction. ECF No. 10. In his motion, Plaintiff explains:

---

[1] *Pro se* pleadings, however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g.,

1

> Plaintiff asks this Court to stop Defendants from deliberately and retaliatorily subjecting Plaintiff to cruel and unusual punishment, infliction of unnecessary wanton pain and placing Plaintiff at further risk of harm to include cancer. Plaintiff asks this Court to order Defendants to get Plaintiff adequate specialist treatment, whatever is needed to diagnose, treat and resolve/relieve Plaintiff's on-going worsening symptoms of vibrations from legs throughout cardiac, worsening chronic erosive reflux esophagitis, gastritis, VL Class A, dyspepsia that has worsened since June 2016 diagnosis, pains in my back, side flanks, stomach, non-stop drilling and gnawing sensations in Plaintiff's cardiac area and a bit below it and to get a specialist attention to Plaintiff's heart and treat if necessary due to these issues being in the cardiac area and Plaintiff often suffers chest pains, blood pressure rising but not limited to, and this makes Plaintiff feel as a heart attack is coming on.

Id.

This Court held an evidentiary hearing on this matter on July 26, 2017. This motion is ripe for disposition by this Court.

### B. Standard of Review

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986).

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will

---

Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010). See also Fed.R.Civ.P. 65.

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. Neo Gen Screening, Inc. v. TeleChem Intern., Inc., 69 Fed.App'x 550, 554 (3d Cir. 2003). A sufficiently strong showing on either the likelihood of success or irreparable harm may justify an injunction, even if a movant's showing on the other two factors is lacking. Id. Because a preliminary injunction is an extraordinary remedy, the party seeking it must show, at a minimum, a likelihood of success on the merits **and** that they likely face irreparable harm in the absence of the injunction. See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000); Hohe v. Casey, 686 F.2d 69, 72 (3d Cir. 1989). The burden of introducing evidence to support a preliminary injunction is on the moving party with respect to the first two factors; however, the same is not true of the second two factors. Neo Gen Screening, 69 Fed.App'x at 554.

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statue. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

The statute further instructs that:

3

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity … in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Moreover, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but … at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be issued only sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982). Thus, a request for any form of mandatory prospective relief in the prison context "must always be viewed with great caution because judicial restraint is specially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

### C. Plaintiff's Request of Injunctive Relief

Since the filing of his request for preliminary injunctive relief, Plaintiff was examined by a doctor as recently as July 17th or 20th. Plaintiff claims that, despite this examination, he will suffer irreparable harm in that his esophageal complaints will continue to worsen.

Initially, Plaintiff has not demonstrated a likelihood of success on the merits of his claim. No claim of deliberate indifference is made out where a significant level of care has been provided, as is the case here, and all that is shown is that the prisoner disagrees with the professional judgment of a physician. Estelle v. Gamble, 429 U.S. 97, 105-06, 107 (1976) (finding that "in the medical context, ... a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment

4

under the Eighth Amendment"). Courts will not second guess whether a particular course of treatment is adequate or proper. See Parham v. Johnson, 126 F.3d 454, 458 n.7 (3d Cir. 1997) (internal quotation omitted). See also Gause v. Diguglielmo, 339 Fed. App'x 132, 136 (3d Cir. 2009) (a dispute over the choice of medication does not rise to the level of an Eighth Amendment violation).

Furthermore, Plaintiff's application for injunctive relief is speculative since it relies on a hypothetical future worsening of his medical condition. Hence, the application is facially unripe. See Dawson v. Frias, 2010 WL 1379894, at *3 (D.N.J. March 30, 2010) ("speculation as to what might or might not happen in the future" cannot serve as a basis for a valid claim); Patterson v. Lilley, 2003 WL 21507345 (S.D.N.Y June 20, 2003) (defendants could only be held deliberately indifferent to an existing condition, not a speculative future injury).

Finally, granting this request for injunctive relief would effectively have the federal courts making ad hoc, and individual, decisions concerning the medical treatment of a single prisoner, and could harm both the Defendants and the public's interest. In the prison context, the Defendants' interest and the public's interest in penological order could be adversely affected if the court were to dictate the medical treatment of a single inmate, one inmate out of thousands in the state system. Therefore, consideration of "whether granting preliminary relief will result in even greater harm to the nonmoving party; and … whether granting the preliminary relief will be in the public interest," Gerardo v. Pellulo, 16 F.3d 1363, 1373 (3d Cir. 1994), also weigh heavily against Plaintiff in this case.

### III. CONCLUSION

It is hereby recommended that Plaintiff's motion for preliminary injunction [ECF No.

10] be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 31, 2017